Merrick Medical, P.C., as Assignee of Glenda Chin, Respondent, 
against
A Central Insurance Company, Appellant. 




Gullo & Associates, LLP (Cristina Carollo of counsel), for appellant.
Petre and Zabokritsky, P.C., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Joy F. Campanelli, J.), entered February 15, 2017. The order, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint and, upon denying plaintiff's cross motion for summary judgment, made, in effect, CPLR 3212 (g) findings in plaintiff's favor.




ORDERED that the order, insofar as appealed from, is modified by providing that defendant's motion for summary judgment dismissing the complaint is granted; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that the claim seeking to recover the unpaid portion of the bill which had sought to recover the sum of $267.93 was denied on the ground that the fees exceeded the amount permitted by the workers' compensation fee schedule and that the remaining claims lacked medical necessity. Insofar as is relevant to this appeal, the Civil Court denied defendant's motion but held, in effect pursuant to CPLR 3212 (g), that the only remaining issues for trial were the reduction of plaintiff's claims in accordance with the workers' compensation fee schedule and medical necessity.
As to the claim seeking to recover the unpaid portion of the $267.93 bill, the affidavit of defendant's litigation examiner was sufficient to demonstrate prima facie that defendant had properly paid that claim pursuant to the workers' compensation fee schedule. As plaintiff has not challenged the Civil Court's finding, in effect, that defendant is otherwise entitled to judgment dismissing so much of the complaint as sought to recover upon the unpaid portion of the $267.93 [*2]claim, the branch of defendant's motion for summary judgment dismissing so much of the complaint as sought to recover upon the unpaid portion of this claim should have been granted.
As to the remaining claims, which were denied on the ground of lack of medical necessity, defendant submitted an affirmed peer review report and an affirmed independent medical examination report, each of which set forth a factual basis and medical rationale for the doctors' determinations that there was a lack of medical necessity for the services at issue. Plaintiff did not rebut defendant's prima facie showing (see Delta Diagnostic Radiology, P.C. v Integon Natl. Ins. Co., 24 Misc 3d 136[A], 2009 NY Slip Op 51502[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; Delta Diagnostic Radiology, P.C. v American Tr. Ins. Co., 18 Misc 3d 128[A], 2007 NY Slip Op 52455[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]; A. Khodadadi Radiology, P.C. v NY Cent. Mut. Fire Ins. Co., 16 Misc 3d 131[A], 2007 NY Slip Op 51342[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]). As plaintiff has not challenged the Civil Court's finding, in effect, that defendant is otherwise entitled to judgment dismissing the complaint insofar as it sought to recover upon these claims, the branches of defendant's motion seeking summary judgment dismissing these claims should have been granted.
In light of the foregoing, we reach no other issue.
Accordingly, the order, insofar as appealed from, is modified by providing that defendant's motion for summary judgment dismissing the complaint is granted.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 02, 2019